In re KENNEDY'S ESTATE.

(Surrogate's Court, New York County. March 7, 1911.)

TAXATION ⊜⇒895—TRANSFER TAX—APPRAISAL—ACTIVE AND INACTIVE STOCK.
 In appraising a decedent's estate to fix the transfer tax, inactive securities should be valued by ascertaining the average prices at which they sold within a reasonable time before and after decedent's death and by calculation upon that basis; and, under Laws 1891, c. 34, § 1, the appraisers should have ascertained the average price of active securities for two months before and two months after decedent's death, and found that as their fair market value at his death.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⊜⇒895.]

In the matter of the estate of John S. Kennedy, deceased. Report of appraisers valuing securities belonging to the estate remitted for reappraisal.

See, also, 148 N. Y. Supp. 619.

COHALAN, S. The appraiser erred in calculating the value of certain comparatively inactive securities at the price bid for them on the day after the date of decedent's death. He should have ascertained the average prices at which the securities were sold within a reasonable time before and after decedent's death and made his calculations upon that basis. He should have ascertained the value of the active securities in the manner prescribed by section 1, chapter 34 of the Laws of 1891, and the average price of these securities for a period of two months before and two months after decedent's death would represent the fair market value of these securities at the date of decedent's death. Matter of Crary, 31 Misc. Rep. 72, 64 N. Y. Supp. 566. The number of shares of stock held by decedent should not be taken into consideration in ascertaining their value. Matter of Gould, 19 App. Div. 352, 46 N. Y. Supp. 506.

The appraiser's report will be remitted to him for the purpose of reappraising the stocks and bonds mentioned in his report as herein indicated.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes